David H.S. Commins (CSBN 124205)
Kit L. Knudsen (CSBN 154714)
COMMINS & KNUDSEN, P.C.
400 Montgomery Street, Suite 200
San Francisco, CA 94104
Tel (415) 391-6490
Fax (415) 391-6493
david@commins.com
kit@commins.com

Attorneys for Plaintiff
Purple Wine Production Company

FILED

NOV 1 8 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PURPLE WINE PRODUCTION COMPANY, a California corporation, | Case No. CV 10 5249 |
| Plaintff, | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| v. | **1. FEDERAL TRADEMARK INFRINGEMENT** |
| RYAN PATRICK VINEYARDS, LLC a Washington limited liability company, | **2. FALSE DESIGNATION OF ORIGIN**<br>**3. COMMON LAW TRADEMARK INFRINGEMENT** |
| Defendant. | **4. CALIFORNIA STATUTORY UNFAIR COMPETITION**<br>**5. COMMON LAW UNFAIR COMPETITION** |
| | **[Jury Trial Demanded]** |

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1    Plaintiff Purple Wine Production Company, successor in interest to Q4X and Four

2    Vines (collectively, Plaintiff) alleges as follows:

3

4                              **JURISDICTION**

5

6          1.     This Court has original jurisdiction of the subject matter of each of the

7    claims herein as follows:

8

9          2.     Trademark and false designation of origin and false description or

10   representation in violation of 15 U.S.C. Sections 1114 and 1125(a), with original jurisdiction

11   vested in this Court by virtue of 28 U.S.C. Sections 1331 and 1338.

12

13         3.     Statutory unfair competition arising under California Business and

14   Professions Code Section 17200, *et seq.*, with supplemental jurisdiction vested in this

15   Court by virtue of 28 U.S.C. Sections 1338(b) and 1367.

16

17                                **VENUE**

18

19         4.     Venue is proper in this district pursuant to 28 U.S.C. Section 1391

20   (b) and (c) because, upon information and belief, Defendant does business in and has

21   substantial contacts with the Northern District of California, expected or should

22   reasonably have expected its acts to have consequences in the State of California and

23   within this judicial district, and a substantial portion of the events at issue have arisen and

24   will arise in this judicial district.

25

26

27

28

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

- 1 -

1

2

## PRELIMINARY ALLEGATIONS

3          5.      Plaintiff is a California corporation with its principal place of

4    business in Graton, California, and has been in the business of producing and selling

5    wines since 2003.

6

7          6.      Plaintiff is informed and believes and thereon alleges that Defendant

8    Ryan Patrick Vineyards, LLC (Defendant) is a Washington limited liability company with

9    its principal place of business in Leavenworth, Washington. Defendant is in the business

10   of producing and selling wines in interstate commerce.

11

12   ## PLAINTIFF'S ACQUISITION OF FOUR VINES AND THE MARKS

13

14         7.      Plaintiff has acquired from Q4X, LLC, doing business as Four Vines

15   (Four Vines), all right, title, and interest in and to the trademarks NAKED and NAKED

16   CHARDONNAY (the Marks) used and owned by Four Vines.

17

18         8.      Since as early as 2001 Four Vines has used the trademarks NAKED

19   and NAKED CHARDONNAY in connection with the advertisement, promotion,

20   distribution, offering for sale, and sale of wines in interstate commerce.

21

22         9.      Four Vines obtained U.S. Trademark Reg. No. 3,343,976, with a

23   filing date of March 31, 2006 and issued on November 27, 2007, for NAKED in

24   International Class 33 for wines. The registration is now in the name of and owned by

25   Plaintiff.

26

27         10.     In addition, since at least as early as September 15, 2001, Four Vines

28   has used, and Four Vines thereby established common law trademark rights in and to, the

- 2 -

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1 NAKED CHARDONNAY mark in the U.S. in connection with wine. Four Vines'

2 common law rights have been assigned to and are now owned by Plaintiff.

3

4         11.     Four Vines chose the NAKED and NAKED CHARDONNAY

5 trademarks as an arbitrary and memorable means to identify its product, Chardonnay

6 fermented in 100% stainless steel tanks rather than oak barrels.

7

8         12.     Four Vines established nationwide recognition and significant

9 goodwill in the Marks through continuous and widespread use in the U.S. since at least as

10 early as 2001. Attached hereto as Exhibit A is Plaintiff's current label displaying the

11 Marks.

12

13         13.     Four Vines invested significant time, energy and financial resources

14 in promoting and establishing the Marks and the goods offered thereunder. As a result,

15 Plaintiff's NAKED and NAKED CHARDONNAY wines have gained significant

16 recognition in the marketplace, consistently receiving unsolicited media coverage and

17 positive reviews and accolades from well-recognized industry publications, newspapers,

18 and other media with national distribution.

19

20         14.     Four Vines has continuously displayed and offered its wines for sale

21 on its website www.fourvines.com, at its winery, and through direct shipping to states

22 throughout the country. Further, Plaintiff's wines featuring the Marks have nationwide

23 distribution.

24

25         15.     Through 2009, Four Vines sold more than 135,000 cases of NAKED

26 and NAKED CHARDONNAY branded wines, each bottle sold prominently displaying

27 the Marks on its labels. During that time, the sale of NAKED branded wines generated

28 more than $8.8 million dollars in revenue for Four Vines.

- 3 -

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1   16. Since the introduction of NAKED CHARDONNAY, Four Vines has

2 invested more than Five Hundred Thousand Dollars ($500,000.00) marketing,

3 advertising, and promoting NAKED branded wines, including attending numerous trade

4 shows and industry events for the promotion and sale of the wines.

5

6     **DEFENDANT'S INFRINGEMENT OF THE MARKS**

7

8   17. Upon information and belief, in or around fall 2007, Defendant

9 began using "NAKED CHARDONNAY" in connection with its own wines, goods

10 identical to and competing with Plaintiff's wines.

11

12   18. In or around October 2007, Four Vines became aware that Defendant

13 was offering identical goods using the identical NAKED CHARDONNAY trademark

14 when it learned of Defendant's Certificate of Label Approval for its wine label displaying

15 "NAKED CHARDONNAY." See Exhibit B.

16

17   19. In or around October 2007, Four Vines contacted Defendant by

18 telephone regarding Defendant's use of the NAKED CHARDONNAY mark and

19 informed Defendant of Four Vines' prior rights and goodwill in the Marks.  Four Vines

20 requested that Defendant cease and desist from using the Marks.

21

22   20. On or about November 27, 2007, Four Vines, through its counsel,

23 mailed a letter to Defendant, confirming Four Vines' previous telephone call and

24 informing Defendant of its violation of Four Vines' trademark rights.  Four Vines

25 demanded that Defendant immediately cease and desist all use of the Marks in connection

26 with wine.  See Exhibit C.  Defendant neither responded to counsel's letter nor complied

27 with Four Vines' cease and desist demand.

28

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

21.     Upon information and belief, Defendant adopted and continued to use the Marks in bad faith with full knowledge of Four Vines' rights in and to the Marks, and with the intent to trade on the association with and goodwill attached to Four Vines.

22.     On or about July 31, 2008, Four Vines, through its counsel, again notified Defendant by way of a second letter of its willingness to resolve the matter provided Defendant ceased use of the Marks in connection with wine, and that Four Vines would have to resort to legal action if a resolution could not be reached.  See Exhibit D. Again, there was no response to counsel's letter.

23.     Thereafter, Four Vines learned that Defendant continued to display, promote and sell wine under the Marks.

24.     Plaintiff has confirmed that Defendant continues to display, promote, and sell NAKED CHARDONNAY branded wine through its website www.ryanpatrickvineyards.com.  Copies of pages from Defendant's website are attached collectively as Exhibit E.

25.     Defendant's continued use of the Marks will, unless restrained, cause irreparable harm to Plaintiff.

## FIRST CLAIM FOR RELIEF
## FEDERAL SERVICE MARK INFRINGEMENT

26.     Paragraphs 1-25 are incorporated by reference as though set forth in their entirety here.

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1      27.    Pursuant to 15 U.S.C. §§ 1115(b) and 1065, Plaintiff's U.S. federal

2   registration of the NAKED mark serves as evidence of the validity of the registered mark

3   and of the registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's

4   exclusive nationwide right to use the registered mark in commerce.

5

6      28.    In violation of 15 U.S.C. § 1114, Defendant, without Plaintiff's

7   authorization, has used and is currently using the federally registered NAKED mark in

8   connection with wine, constituting use in commerce. The NAKED mark is being used in

9   connection with the sale, offering for sale, distribution, or advertising of Defendant's

10   goods wherein such use is likely to cause confusion, or to cause mistake, or to deceive.

11   Such use has been undertaken by Defendant with Defendant's knowledge that such

12   imitation is intended to cause confusion, or to cause mistake, or to deceive.

13

14      29.    Plaintiff and Defendant offer identical goods through the same

15   channels of trade directed to the same consumers for the same purposes.

16

17      30.    Defendant's unauthorized use of the NAKED mark constitutes

18   infringement of Plaintiff's registered mark. Defendant's use of the mark constitutes a

19   misappropriation of Plaintiff's goodwill in the mark, wherein Defendant is knowingly

20   using the goodwill established in the mark to sell Defendant's own goods.

21

22      31.    Plaintiff has no control over the nature and quality of the goods

23   offered by Defendant under the NAKED mark. Plaintiff's reputation and goodwill will

24   be damaged and the value of the NAKED mark is jeopardized by Defendant's continued

25   use of the mark on or in connection with wine.

26

27      32.    Defendant's acts of infringement have caused and are causing great

28   and irreparable injury to Plaintiff and to the mark and goodwill represented thereby, in an

- 6 -

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  amount that cannot be ascertained at this time.  Unless this infringement is restrained,

2  Defendant's use will cause further irreparable injury leaving Plaintiff with no adequate

3  remedy at law.

4

5        33.    By reason of the foregoing, Plaintiff is entitled to injunctive relief

6  against Defendant, restraining further action and infringement, and to Defendant's profits

7  and to Plaintiff's damages proven to have been caused by reason of Defendant's

8  infringement of the mark.  Additionally, Plaintiff is entitled to the costs of the action,

9  including attorneys' fees.

10

11                **SECOND CLAIM FOR RELIEF**

12  **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

13                **15 U.S.C. § 1125(a)**

14

15        34.    Paragraphs 1 through 33 are incorporated by reference as though set

16  forth in their entirety here.

17

18        35.    Defendant's unauthorized use of the Marks in connection with its

19  goods has a tendency to deceive or confuse customers into believing that Defendant's

20  wines are affiliated with Plaintiff, are sponsored or approved by Plaintiff, or are otherwise

21  associated with or authorized by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

22

23        36.    Defendant's acts of unfair competition have caused and are causing

24  great and irreparable injury to Plaintiff and to the goods and goodwill represented

25  thereby, in an amount that cannot be ascertained at this time, and, unless restrained, will

26  cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

27

28

PURPLE WINE PRODUCTION COMPANY'S
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

37.     By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, restraining further acts of unfair competition and false designation of origin, and to recover attorneys' fees and any damages proven to have been caused by reason of Defendant's aforesaid acts of unfair competition and false designation of origin.

### THIRD CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT

38.     Paragraphs 1 - 37 are incorporated by reference as though set forth in their entirety here.

39.     As described above, Plaintiff's NAKED and NAKED CHARDONNAY common law marks have been extensively used, advertised, and promoted throughout the United States for many years in connection with Four Vines' and now Plaintiff's wines.

40.     As a result of the use, advertisement, and promotion of the common law trademarks, the common law marks have become well and favorably known throughout the United States as identifying Plaintiff and its products.  Four Vines and Plaintiff have developed valuable goodwill in Plaintiff's common law trademarks.

41.     Upon information and belief, Defendant has advertised, promoted, displayed, offered for sale, and/or sold products bearing the identical trademarks NAKED and NAKED CHARDONNAY.

42.     Defendant has infringed Plaintiff's common law marks by its acts as alleged above.  Said use of the common law marks is without permission or authority of

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

- 8 -

1  Plaintiff and said use by Defendant is likely to cause confusion, to cause mistake, and to
2  deceive.

3

4       43.    Defendant's use of Plaintiff's common law marks is likely to cause
5  members of the relevant public and trade to believe that the products sold bearing the
6  infringing trademarks are provided by or in affiliation with or under the sponsorship or
7  approval of Plaintiff when used in connection with the identical goods sold by the parties.

8

9       44.    Upon information and belief, Defendant's acts of trademark
10  infringement and unfair competition have been committed with intent to cause confusion,
11  mistake, and to deceive.

12

13       45.    Plaintiff has been damaged in an amount to be proven at trial, and
14  Plaintiff is entitled to an accounting of Defendant's profits as well as enhanced remedies
15  as provided by law for Defendant's willful conduct.

16

17       46.    Upon information and belief, unless restrained by this Court,
18  Defendant will continue to infringe Plaintiff's common law trademarks by its use of the
19  infringing NAKED CHARDONNAY mark.

20

21       47.    By engaging in the conduct as herein above alleged, Defendant has
22  acted willfully, maliciously, oppressively and fraudulently, and Plaintiff is therefore
23  entitled to punitive damages in an amount according to proof.

24

25

26

27

28

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

- 9 -

**FOURTH CLAIM FOR RELIEF**

**UNFAIR COMPETITION**

**[California Bus. and Prof. Code § 17200 et seq.]**

48.     Paragraphs 1 - 47 are incorporated by reference as though set forth in their entirety here.

49.     Defendant's activities complained of herein constitute unfair, deceptive and unlawful practices in violation of California Business and Professions Code Section 17200, *et seq.* to the injury of Plaintiff and the public.

50.     The conduct of Defendant as alleged here will, unless restrained, damage Plaintiff in an amount to be determined at trial and cause irreparable harm including the serious impairment of the value of the Marks.  Plaintiff is entitled to receive from Defendant any money it has received or acquired as a result of its unfair competition.

51.     Plaintiff has been damaged in an amount to be proven at trial, and Plaintiff is entitled to an accounting of Defendant's profits as well as enhanced remedies as provided by law for Defendant's willful conduct.

**FIFTH CLAIM FOR RELIEF**

**COMMON LAW UNFAIR COMPETITION**

52.     Paragraphs 1 - 51 are incorporated by reference as though set forth in their entirety here.

- 10 -

PURPLE WINE PRODUCTION COMPANY'S
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1    53.    Defendant's activities complained of here constitute unfair and

2    unlawful practices in violation of the common law of the State of California to the injury

3    of Plaintiff and the public.

4

5    54.    The conduct of Defendant as alleged here will, unless restrained,

6    damage Plaintiff in an amount to be determined at trial and will cause irreparable harm,

7    including the serious impairment of the value of the Marks.

8

9    55.    Plaintiff has been damaged in an amount to be proven at trial, and

10   Plaintiff is entitled to an accounting of Defendant's profits as well as enhanced remedies

11   as provided by law for Defendant's willful conduct.

12

13   56.    By engaging in the conduct as alleged above, Defendant has acted

14   willfully, maliciously, oppressively and fraudulently, and Plaintiff is therefore entitled to

15   punitive damages in an amount according to proof.

16

17   **PRAYER FOR RELIEF**

18

19   THEREFORE, Plaintiff prays as follows:

20

21   1.    That Defendant, its officers, directors,  agents, employees, licensors,

22   licensees, affiliates, any parent and subsidiary corporations, attorneys and representatives

23   and all those in privity or acting under its direction or pursuant to its control, be enjoined

24   and restrained, preliminarily and permanently from directly and indirectly:

25

26   a.    Manufacturing, producing, sourcing, importing, selling,

27   offering for sale, distributing, advertising, or promoting any wines which bear the

28

- 11 -

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  trademarks NAKED or NAKED CHARDONNAY or any marks or designations that so

2  resemble Plaintiff's NAKED and NAKED CHARDONNAY trademarks as to be likely to

3  cause confusion, mistake, or deception in connection with products that have not been

4  approved or sponsored by or originate from Plaintiff;

5

6                 b.     Using any symbol, design, designation or other device that is

7  likely to cause confusion, mistake, or deception as to an affiliation or association of

8  Defendant or its goods with Plaintiff;

9

10                 c.     Further infringing the rights of Plaintiff in Plaintiff's NAKED

11  and NAKED CHARDONNAY trademarks or otherwise damaging Plaintiff's goodwill or

12  business reputation;

13

14                 d.     Otherwise competing unfairly with Plaintiff in any manner;

15  and

16

17                 e.     Continuing to perform in any manner whatsoever any of the

18  other acts complained of in this Complaint.

19

20                 2.     That Defendant and its officers, directors, agents, employees,

21  licensors, licensees and all those acting under its direction and pursuant to its control, be

22  ordered to deliver to Plaintiff for destruction all labels, signs, advertising, promotional

23  and other materials bearing or containing the NAKED or NAKED CHARDONNAY

24  marks, and remove all references to the Marks from Defendant's website and other

25  electronic media.

26

27

28

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1           3.     That Plaintiff recover from Defendant Plaintiff's damages in an

2 amount to be proven at trial, and that Defendant be required to account for any profits that

3 are attributable to its illegal acts and to pay them to Plaintiff.

4

5           4.     That Defendant pay a sum equal to three times Defendant's profits

6 and Plaintiff's damages, or such amount as the Court may in its discretion deem

7 reasonable and just pursuant to 15 U.S.C. §1117 (a).

8

9           5.     That Defendant pay punitive damages under California common law.

10

11          6.     That Plaintiff be awarded its costs, disbursements and reasonable

12 attorneys' fees incurred in connection with this action.

13

14          7.     That the Court grant such other and further relief as it deems just and

15 proper.

16

17      DATED: November 18, 2010.      COMMINS & KNUDSEN

18                             Professional Corporation

19                        By:_____

20                           Kit Knudsen
                              Attorneys for Plaintiff

21                           Purple Wine Production Company

22

23

24

25

26

27

28

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

- 13 -

1

# DEMAND FOR JURY TRIAL

2

3          Plaintiff demands a jury trial for all claims as provided for in Rule 38 of the

4   Federal Rules of Civil Procedure.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMMINS & KNUDSEN
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

PURPLE WINE PRODUCTION COMPANY'S
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT A







# EXHIBIT B

OMB No. 1513-0020   (01/31/2009)

**TTB ID** 07025-000-000033

1. REP. ID. NO. *(if any)*   CT   OR

**DEPARTMENT OF THE TREASURY**
**ALCOHOL AND TOBACCO TAX AND TRADE BUREAU**
**APPLICATION FOR AND CERTIFICATION/EXEMPTION OF**
**LABEL/BOTTLE APPROVAL**
*(See Instructions and Paperwork Reduction Act Notice Below)*

**PART I - APPLICATION**

2. PLANT REGISTRY/BASIC PERMIT/BREWER'S NO. *(Required)*
5W-WA 357

3. SOURCE OF PRODUCT *(Required)*
☑ Domestic   ☐ Imported

4. SERIAL NUMBER *(Required)*
YEAR  0 7 | 1 0 2 3

5. TYPE OF PRODUCT *(Required)*
☑ WINE
☐ DISTILLED SPIRITS
☐ MALT BEVERAGES

6. BRAND NAME *(Required)*
Ryan Patrick Vineyards

7. FANCIFUL NAME *(if any)*
Rapid Apple Poise Apple

8. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT, OR BREWER'S NOTICE. INCLUDE APPROVED DBA OR TRADE NAME IF USED ON THE LABEL *(Required)*
Terry Flanagan DBA Ryan Patrick Vineyards
80 4th St
Rock Island, WA 98850

8a. MAILING ADDRESS, IF DIFFERENT
520 Lower Sunnyslope Rd
Wenatchee, WA 98801

9. EMAIL ADDRESS *(if any)*
Terry@RyanPatrick Vineyards.Com

10. FORMULA/SOP NO. *(if any)*
N/A

11. LAB. NO. & DATE/PRE-IMPORT NO. & DATE *(if any)*
N/A

12. NET CONTENTS
750 mL

13. ALCOHOL CONTENT
12.9 %

14. WINE APPELLATION *(if on label)*
Columbia Valley

15. TYPE OF APPLICATION *(Check appropriate box(es))*
a. ☑ CERTIFICATE OF LABEL APPROVAL
b. ☐ CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL "For sale in _____ only" *(Fill in State abbreviation)*
c. ☐ DISTINCTIVE LIQUOR BOTTLE APPROVAL. TOTAL BOTTLE CAPACITY BEFORE CLOSURE _____ *(Fill in amount)*
d. ☐ RESUBMISSION AFTER REJECTION. TTB ID _____

15. WINE VINTAGE DATE *(if on label)*
2006

16. PHONE NUMBER
509-667-9861

17. FAX NUMBER
509-667-9861

19. SHOW ANY WORDING (a) APPEARING ON MATERIALS FIRMLY AFFIXED TO THE CONTAINER (e.g. caps, celophane, corks, etc.) OTHER THAN THAT ON THE LABELS AFFIXED BELOW, OR (b) BLOWN, BRANDED OR EMBOSSED ON THE CONTAINER (e.g. net contents, etc.). THIS WORDING MUST BE NOTED HERE EVEN IF IT DUPLICATES PORTIONS OF THE LABELS AFFIXED BELOW. ALSO, INDICATE TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.
Cork - Ryan Patrick Vineyards.Com
Capsul - Cluster of grapes                                                      750mL

**PART II - APPLICANT'S CERTIFICATION**

Under the penalties of perjury, I declare: that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to this form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which are attached to an original TTB F 5100.31, Certificate/Exemption of Label/Bottle Approval.

20. DATE OF APPLICATION
1-8-07

21. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT
Vivian Flanagan

22. PRINT NAME OF APPLICANT OR AUTHORIZED AGENT
VIVIAN FLANAGAN

**PART III - TTB CERTIFICATE**

This certificate is issued subject to applicable laws, regulations and conditions as set forth in the instructions portion of this form.

23. DATE ISSUED
FEB

24. AUTHORIZED SIGNATURE, ALCOHOL AND TOBACCO TAX AND TRADE BUREAU

**FOR TTB USE ONLY**

QUALIFICATIONS

EXPIRATION DATE *(if any)*

...rctions 4, 6 and

RYAN PATRICK

2006
COLUMBIA VALLEY
CHARDONNAY

CONTAINS SULFITES

**GOVERNMENT WARNING:** (1) ACCORDING TO THE SURGEON GENERAL, WOMEN SHOULD NOT DRINK ALCOHOLIC BEVERAGES DURING PREGNANCY BECAUSE OF THE RISK OF BIRTH DEFECTS. (2) CONSUMPTION OF ALCOHOLIC BEVERAGES IMPAIRS YOUR ABILITY TO DRIVE A CAR OR OPERATE MACHINERY, AND MAY CAUSE HEALTH PROBLEMS.

Produced and Bottled By
Ryan Patrick Vineyards, Rock Island, Washington
www.ryanpatrickvineyards.com

UPC

TTB F 5100.31 (01/2009)   PREVIOUS EDITIONS...

Front                                                                      Back

OMB No. 1513-0020   (01/31/2009)

**DEPARTMENT OF THE TREASURY**
**ALCOHOL AND TOBACCO TAX AND TRADE BUREAU**
**APPLICATION FOR AND CERTIFICATION/EXEMPTION OF**
**LABEL/BOTTLE APPROVAL**
*(See Instructions and Paperwork Reduction Act Notice below)*

(TTB ID)   08015-000-000021

PART I - APPLICATION

1. REP. ID. NO. (If any)

2. PLANT REGISTRY/BASIC PERMIT/BREWER'S NO. (Required)

3. SOURCE OF PRODUCT (Required)   ☒ Domestic   ☐ Imported

4. SERIAL NUMBER (Required)   YEAR

5. TYPE OF PRODUCT (Required)   ☐ WINE   ☐ DISTILLED SPIRITS   ☐ MALT BEVERAGES

6. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT, OR BREWER'S NOTICE. INCLUDE APPROVED DBA OR TRADENAME IF USED ON THE LABEL (Required)

7. BRAND NAME (Required)
FANCIFUL NAME (If any)

8a. MAILING ADDRESS (If different)

9. EMAIL ADDRESS

10. FORMULA/SOP NO. (If any)

11. LAB. NO. & DATE/PRE-IMPORT NO. & DATE (If on label)

12. NET CONTENTS   750 mL

13. ALCOHOL CONTENT   13.1%

14. WINE APPELLATION (If on label)

15. WINE VINTAGE DATE (If on label)   2007

16. PHONE NUMBER

17. FAX NUMBER

18. TYPE OF APPLICATION (Check applicable box(es))
☒ CERTIFICATE OR LABEL APPROVAL
☐ CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL "For sale in _____ only" (Fill in State abbreviation)
☐ DISTINCTIVE LIQUOR BOTTLE APPROVAL. TOTAL BOTTLE CAPACITY BEFORE CLOSURE _____ (Fill in amount)
☐ RESUBMISSION AFTER REJECTION TTB ID _____

19. SHOW ANY WORDING (a) APPEARING ON MATERIALS FIRMLY AFFIXED TO THE CONTAINER (e.g. caps, corks, etc.) OTHER THAN THE LABELS AFFIXED NOT FAR OR IN CROWN, BRANDED OR EMBOSSED ON THE CONTAINER (e.g. net contents, etc.). THIS WORDING MUST BE NOTED HERE EVEN IF IT DUPLICATES MENTIONS OF THE LABELS AFFIXED BELOW. ALSO, PROVIDE TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.

Cork - Ryan Patrick.com   www.ryanpatrickvineyards.com

PART II - APPLICANT'S CERTIFICATION

Under the penalties of perjury, I declare: that all statements appearing on this application are true and correct to the best of my knowledge and belief; and that I will represent on the labels attached to this form, but not lessened in alcohol content or net contents and correctly represent the content of the container or covered by this "label", will be applied. I also certify that I have read, considered and complied with the conditions and instructions which is attached to an original TTB F 5100.31, Certificate/Exemption of Label/Bottle Approval.

20. DATE OF APPLICATION

21. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT

22. PRINT NAME OF APPLICANT OR AUTHORIZED AGENT

PART III - TTB CERTIFICATE

This certificate is issued subject to applicable laws, regulations and conditions as set forth in the instructions portion of this form.

23. DATE ISSUED   JAN   2009

24. AUTHORIZED SIGNATURE, ALCOHOL AND TOBACCO TAX AND TRADE BUREAU

QUALIFICATIONS

FOR TTB USE ONLY

EXPIRATION DATE (If any)

(Instructions 4, 6 and 7)

RYAN PATRICK
*Vineyards*

2007
COLUMBIA VALLEY
CHARDONNAY

"Naked" refers to the simple beauty of Chardonnay flavors expressed in the wine. Retaining the varietal characteristics of the Chardonnay grape, and achieving fermentation to impress over barrel or oak undertones, we made this wine age-up. We built this wine was picked from our prize winning blend vineyards. Enjoy this refreshing Chardonnay priced for daily consumption. Barrel aged.

CONTAINS SULFITES • 750 ML

**GOVERNMENT WARNING:** (1) ACCORDING TO THE SURGEON GENERAL, WOMEN SHOULD NOT DRINK ALCOHOLIC BEVERAGES DURING PREGNANCY BECAUSE OF THE RISK OF BIRTH DEFECTS. (2) CONSUMPTION OF ALCOHOLIC BEVERAGES IMPAIRS YOUR ABILITY TO DRIVE A CAR OR OPERATE MACHINERY, AND MAY CAUSE HEALTH PROBLEMS.

Produced and Bottled By
Ryan Patrick Vineyards, Quincy, Washington
www.ryanpatrickvineyards.com

TTB F 5100.31 (6/2008)   PREVIOUS EDITIONS ARE OBSOLETE

# EXHIBIT C

Owen, Wickersham & Erickson, P.C.
*Intellectual Property Law Since 1933*
455 Market Street, 19th Floor ~ San Francisco, California 94105
415/882-3200

Fax 415/882-3232
gowen@owe.com

GREGORY N. OWEN

November 27, 2007

*Via E-mail: terry@ryanpatrickvineyards.com and*
  *First Class Mail*

Mr. Terry Flanagan
Ryan Patrick Vineyards
520 Lower Sunnyslope Road
Wenatchee, WA 98848

### Re:   NAKED and NAKED CHARDONNAY Trademarks of Four Vines

Dear Mr. Flanagan:

We are trademark counsel to Q4X, LLC, doing business as Four Vines Winery.
We have been asked to follow up on your conversation with Mr. Bill Grant with the
requirements of an agreement concerning Ryan Patrick Vineyards' sale of wines using the
trademark "Naked Chardonnay." As Mr. Grant has explained, Four Vines has used the
trademarks NAKED and NAKED CHARDONNAY on its wines since as early as 2001
and the marks have been used continuously and extensively since that time. The NAKED
and NAKED CHARDONNAY brands have been extensively advertised and promoted
since their introduction and Four Vines' NAKED brand wines have garnered critical
acclaim and a valuable reputation among wine consumers and in the industry. Four Vines
has pending approved U.S. Trademark Application Serial No. 78-850911 for NAKED for
wines. The NAKED trademarks are extremely valuable assets of Four Vines.

As you are aware from your conversation with Mr. Grant, Four Vines cannot
permit the use of the word NAKED alone or in combination with a varietal name in
connection with wine. Under U.S. trademark law the first to adopt and use a trademark is
the owner of that mark and is entitled to police use of the mark by others where that use is
likely to cause confusion, deception, or mistake among consumers or within the trade.
Ryan Patrick Vineyards' use of "Naked Chardonnay" is likely to cause confusion,
deception, and mistake among consumers and within the trade. Purchasers and members
of the trade are likely to mistakenly believe that Ryan Patrick Vineyards' "Naked
Chardonnay" branded product is in some manner related to, associated with or comes
from Four Vines. This likelihood of confusion gives rise to your liability for trademark
infringement and unfair competition.

Owen, Wickersham & Erickson, P.C.
*Intellectual Property Law Since 1933*

Mr. Terry Flanagan
November 27, 2007
Page -2-

We understand that perhaps you were not aware of Four Vines' rights in the NAKED and NAKED CHARDONNAY trademarks when you selected the mark for use on your wine. However, ignorance of the trademark owner's rights is not a defense and continued use of the infringing mark after notice of the owner's rights can give rise to liability for enhanced damages and attorneys' fees.

We are informed that Ryan Patrick Vineyards has produced and is selling 3,300 cases of Chardonnay that feature "Naked Chardonnay" on the front and back labels. In addition, we note that "The Wines" section of the ryanpatrickvineyards.com website prominently displays "2006 Naked Chardonnay" and discusses the meaning of "naked" as it relates to the wine.

In settlement of this matter Four Vines will permit Ryan Patrick Vineyards to sell its inventory of 3,300 cases of "Naked Chardonnay" labeled wines conditioned upon your agreement to the following:

1) Ryan Patrick Vineyards will not in the future use the word "NAKED" alone or in combination with a varietal name in the advertisement, promotion, marketing, distribution, offering for sale, or selling of wines; and

2) the Ryan Patrick Vineyards website will immediately be revised to remove the display of the phrase "2006 Naked Chardonnay." The phrase may be replaced with "2006 Chardonnay" or some other suitable identification not using the word "naked." In addition, the textual materials referencing the meaning of "naked" will immediately be removed from the website.

Please provide confirmation of your agreement to these terms by signing and returning a copy of this letter. Four Vines appreciates your cooperation in this matter.

Owen, Wickersham & Erickson, P.C.
*Intellectual Property Law Since 1933*

Mr. Terry Flanagan
November 27, 2007
Page -3-

This letter is written without prejudice to Q4X, LLC's rights, all of which are expressly reserved. We require your response within ten (10) days.

Sincerely,

OWEN, WICKERSHAM & ERICKSON, P.C.

By

Gregory N. Owen

AGREED AND ACCEPTED

_____

Terry Flanagan
Proprietor, Ryan Patrick Vineyards

Date: _____

Our Ref. Q4X 90001
GNO/hs
cc:     Four Vines Winery

S:\1Clients\Q4X\Ryan Patrick Ltr 1 11-07.wpd

# EXHIBIT D

Owen, Wickersham & Erickson, P.C.
*Intellectual Property Law Since 1933*

455 Market Street, 19th Floor ~ San Francisco, California 94105
415/882-3200

Fax 415/882-3232
gowen@owe.com

GREGORY N. OWEN

July 31, 2008

*Via E-mail   terry@ryanpatrickvineyards.com and U.S. Mail*

Mr. Terry Flanagan
Ryan Patrick Vineyards
520 Lower Sunnyslope Road
Wenatchee, WA 98848

**Re:   NAKED CHARDONNAY Trademark Infringement**

Dear Mr. Flanagan:

You will recall that we represent Q4X, LLC, doing business as Four Vines Winery ("Four Vines"). As you know, Four Vines is the owner of the trademarks NAKED (U.S. Trademark Reg. No. 3343976) and NAKED CHARDONNAY for wines. As a courtesy to you, Mr. Bill Grant asked that we provide you with additional information pertaining to Ryan Patrick Vineyards' infringing use of the NAKED CHARDONNAY trademark in the hope that litigation may be avoided.

To prevail in a trademark infringement and unfair competition action, Four Vines must establish that Ryan Patrick Vineyards' NAKED CHARDONNAY use is likely to cause confusion, mistake or deception in the marketplace. The factors that the Ninth Circuit requires trial courts to consider in determining the existence of a likelihood of confusion in trademark infringement cases are set forth in <u>AMF, Inc. v. Sleekcraft Boats</u>, 599 F.2d 341, 348-49 (9th Cir. 1979). The factors relevant to this case are: the similarity of the marks; the proximity of the goods; the strength of the claimant's mark; the marketing channels used; and the infringer's intent in selecting its mark. Analysis of the facts in this case can lead to no other conclusion but that there is a likelihood of confusion, mistake and deception as to the source of Ryan Patrick Vineyards' NAKED CHARDONNAY wines or as to an affiliation, connection or association between the parties in violation of Trademark Act Sections 32 and 43(a).

Owen, Wickersham & Erickson, P.C.
*Intellectual Property Law Since 1933*

Mr. Terry Flanagan
July 31, 2008
Page 2 of 3

In this case the marks are identical, the goods are identical, Four Vine's NAKED and NAKED CHARDONNAY marks are strong and well known, and the marketing channels are identical. Further, even in the unlikely event that your original adoption and use of NAKED CHARDONNAY was without knowledge of the brand recognition, valuable good will, and reputation associated with Four Vines' NAKED marks, your continued use of NAKED CHARDONNAY after receipt of our November 2007 demand letter is in willful disregard of the known rights of Four Vines and establishes a wrongful intent on the part of Ryan Patrick Vineyards.

The remedies available for trademark infringement and unfair competition include an injunction preventing use of the offending mark and a recall of all goods and materials displaying the offending mark, as well as liability for damages and payment of profits made from the sale of products featuring the infringing trademark. Where the infringement is intentional or in willful disregard of the known rights of the trademark owner, as in this case, damages and profits may be trebled and the infringer may be required to pay the costs and attorneys' fees of the mark owner.

We understand from Mr. Grant that you are under the misapprehension that the unauthorized, infringing use by others of the NAKED and NAKED CHARDONNAY trademarks is a defense to your own infringement. First, the infringement of others does not justify your infringement, nor does such third party infringing use provide a defense. Second, you incorrectly assume that Four Vines is not active in its policing and enforcement efforts. Four Vines vigorously and consistently polices the unauthorized use of its trademarks.

On behalf of Four Vines we demand that Ryan Patrick Vineyards immediately cease and desist advertising, promoting, distributing, offering for sale, selling or other commercial exploitation in the United States of wines using or displaying the phrase NAKED CHARDONNAY. We must have immediate written assurance that Ryan Patrick Vineyards is undertaking to immediately cease all uses of NAKED or NAKED CHARDONNAY and that such use will not again resume in the future. Absent such written assurance Four Vines will take the action necessary to protect its valuable trademarks.

Owen, Wickersham & Erickson, P.C.
*Intellectual Property Law Since 1933*

Mr. Terry Flanagan
July 31, 2008
Page 3 of 3

This letter is written without prejudice to Q4X, LLC's rights, all of which are
expressly reserved. We require your response within ten (10) days.

Sincerely,

OWEN, WICKERSHAM & ERICKSON, P.C.

By

Gregory N. Owen

Our Ref. Q4X 90001
GNO/hs
cc:     Four Vines Winery

S:\1Clients\Q4X\Ryan Patrick Ltr 7-08.doc

# EXHIBIT E







## 2009 Naked Chardonnay

"Naked" refers to the simple beauty of this Chardonnay. Retaining the varieta
characteristics of the Chardonnay grape was achieved by fermentation ir
stainless steel tanks at cool temperature with no oak barrel aging. Click Here
for winemaker's notes.

**$11 per bottle**

BUY NOW!

# RYAN PATRICK
## *Vineyards*

PLEASE NOTE: We charge real-time shipping fees and a nominal handling fee.
WE WILL EMAIL you the total to be charged to your card, including these fees.

| Product | Quantity | Price | Amount |
|---------|----------|-------|--------|
| 2009 Naked Chardonnay | 1 | 11.00 | 11.00 |
| **All prices are in US Dollars** | | **TOTAL** | 11.00 |

[ RECALCULATE ]   [ GO TO PAYMENTS ]

To delete an item, change the quantity to zero and click RECALCULATE

**Shopping cart by**
**Mal's e-commerce**



**RYAN PATRICK**
*Vineyards*

### 2008 Naked Chardonnay

"Naked" refers to the simple beauty of this Chardonnay.  Retaining the varietal characteristics of the Chardonnay grape was achieved by fermentation in stainless steel tanks at cool temperature with no oak barrel aging.

| | |
|---|---|
| Vineyards: | 94%  Homestead, 6% Bishops |
| Primary Fermentation: | Conducted in stainless steel tanks at 55°F |
| Secondary Fermentation: | No malolactic fermentation |
| Bottling Date: | January 2009 |
| Cases Produced: | 3,360 |
| Alcohol: | 13.5% |
| Titratable Acidity: | 6.9 g/L |
| pH: | 3.62 |

